111 N.J. Super. 569 (1970)
270 A.2d 56
VIRGIL J. ZUCCHI, TRADING AS NEW JERSEY MARBLE & GRANITE WORKS, PLAINTIFF-APPELLANT,
v.
LAKEVIEW MEMORIAL PARK ASSOCIATION, A NEW JERSEY CORPORATION, MEMORIAL SALES COMPANY, INC., A NEW JERSEY CORPORATION, AND ARTHUR J. SILLS, ATTORNEY GENERAL OF NEW JERSEY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued September 28, 1970.
Decided October 20, 1970.
*570 Before Judges SULLIVAN, COLLESTER and LABRECQUE.
Mr. Howard Stern argued the cause for appellant (Mr. Richard H. Miller, on the brief; Messrs. Shavick, Stern, Schotz, Steiger & Croland, attorneys).
Mr. W. Louis Bossle argued the cause for respondent Lakeview Memorial Park Association (Messrs. Kisselman, Devine, Deighan & Montano, attorneys).
*571 Mr. Clarence P. Reberkenny argued the cause for respondent Memorial Sales Company, Inc. (Messrs. Hyland, Davis & Reberkenny, attorneys).
Mr. Kenneth M. Olex, Deputy Attorney General, argued the cause for respondent Arthur J. Sills (Mr. Stephen Skillman, Assistant Attorney General, of counsel; Mr. George F. Kugler, Jr., Attorney General of New Jersey, attorney).
The opinion of the court was delivered by SULLIVAN, P.J.A.D.
This appeal poses the question whether a sales agency holding the exclusive right to sell graves or plots in a cemetery may also engage in the business of selling grave markers in the same cemetery. Plaintiff, an entrepreneur in the business of selling grave markers, charges that he is unable to compete with the cemetery's sales agency in the particular cemetery on a basis of equality because of the preferential position inherent in the joint activity. For reasons hereinafter detailed, we conclude that the sale of grave markers by the same agency which sells graves and plots is an unlawful activity which, in the present instance, should not be permitted.
The controversy stems from the Supreme Court decision in Frank v. Clover Leaf Park Cem. Assn., 29 N.J. 193 (1959). There, in a suit brought by a person engaged in the business of selling and installing grave markers, it was held that a cemetery association may not engage in the business of selling grave markers. The rationale of the decision is that a cemetery association is a quasi-public, charitable trust which is granted numerous privileges and immunities to aid it in carrying out its non-profit function. The court stated at pp. 202-203:
An acute awareness of the quasi-public nature of this charitable trust as well as of its tax exemption and other privileges and immunities is necessary to a solution of the problem. Manifestly, in entering the market for the sale of memorials to lot owners in competition *572 with private enterprise, these factors give the Association a decided competitive advantage. And, as has been said, the advantage is enhanced psychologically through the close contact with the family of the deceased before, at the time of, and after the burial. These factors of preferred economic position and ease of access to prospective customers in promoting sales, in our judgment, make necessary a strict construction of the statute and the charter emanating therefrom in appraising the claim of implied power to engage in the activity in competition with private business. [at 202-203, emphasis added]
The court concluded that the sale of grave markers had but a slight, indirect and remote relation to the object of the corporate charter and was not necessary or essential to the proper operation of the cemetery. In directing that the practice be discontinued, it concluded that the activity was not only ultra vires the statute and corporate charter, but contrary to the public interest and must be discontinued.
Defendant Lakeview Memorial Park Association, is a nonprofit corporation organized under Title 15 of the Revised Statutes and concededly subject to the mandate of Frank. It does not maintain its own sales force for the sale of graves and plots in Lakeview. Instead, it has designated Farquharson Sales, Inc., as its exclusive agency for that purpose. Farquharson Sales, Inc., is actually John G. Farquharson, Sr., who has been in the business of selling cemetery lots for 30 years. Mr. Farquharson is also engaged in the sale of grave markers through defendant Memorial Sales Company, Inc. However, the activities and facilities of both corporations are so inter-related that, for all practical purposes, they are a joint operation and the alter ego of Mr. Farquharson. Prior to the decision in Frank, Mr. Farquharson had been selling both cemetery lots and memorial markers for Lakeview Memorial Park. As a result of Frank the practice was discontinued.
Plaintiff contends that defendant cemetery association gives preferential treatment to Memorial Sales Company, Inc., to facilitate its sales of grave markers. The trial court found, and we agree, that the proofs do not sustain *573 that contention. Plaintiff also contends that, aside from the alleged preferential treatment, Farquharson's being the exclusive agent for the sale of graves and plots in Lakeview, and also engaging in the grave marker business therein, necessarily gives the grave marker activity an unfair advantage over others in the same business. Plaintiff argues that the sale of the grave or plot establishes a personal relationship with the family, with subsequent entree when the need for a grave marker arises. See Frank, supra at 203. Also, the sales agency would have access to confidential information as to plot owners, names, addresses, etc., not otherwise available.
The Attorney General, who was joined in these proceedings because of the charitable trust involved, strongly argues that it is unlawful for the cemetery association or its agent, directly or indirectly, to engage in the commercial business of the sale of grave markers.
We conclude that the joint activity is contrary to the principle enunciated in Frank. It is true that defendant cemetery association is not engaged in the sale of grave markers and the proof indicates that it receives no return or profit from sales of markers made by Memorial Sales.[1] The evil is inherent in permitting the exclusive agent for the sale of graves and plots in the cemetery to expand into the grave marker business in the same cemetery.
An essential part of a cemetery's operation is the sale of its graves and plots to the public. By delegating this function to an exclusive sales agency, such agency becomes an integral part of the cemetery operation and is subject to the same restrictions and limitations as are imposed on the cemetery association. The sale of grave markers by the same agency falls into this category and, under Frank, *574 is ultra vires the legal limits of cemetery operation as well as contrary to the public interest.
Argument is made that the nonjoinder of John Farquharson, Sr., and Farquharson Sales as parties-defendant herein is fatal to plaintiff's suit since they are necessary parties to the litigation. We do not agree. The cemetery association is a partydefendant, as well as Memorial Sales Company, Mr. Farquharson's corporate entity for the sale of grave markers.
The cemetery association is to be ordered to require its exclusive sales agency for the sale of its graves and plots to discontinue the sale of grave markers in Lakeview. Memorial Sales Company, Inc., is to be enjoined from the sale of grave markers in Lakeview so long as it is affiliated in any way with the cemetery association's exclusive sales agency.
Reversed and remanded for further proceedings pursuant to this opinion.
NOTES
[1] The cemetery does insist on installing all grave markers at a fixed charge. Frank permits this activity as necessary to the proper maintenance of the cemetery. The cost of a concrete base and perpetual care, as part of the installation charge, would not, without more, appear to be improper.