121 N.J. Super. 589 (1972)
298 A.2d 291
CHARLES FRANK AND WOODBRIDGE MONUMENT WORKS, PLAINTIFFS,
v.
GEORGE F. KUGLER, JR., ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, AND NEW JERSEY CEMETERY BOARD, CLOVER LEAF CEMETERY AND ROCKY HILL CEMETERY ASSOCIATION, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided November 21, 1972.
*591 Messrs. Paul R. Williams, Jr. and Dennis J. Melofchik, for plaintiffs.
Mr. Charles L. Terribile, Deputy Attorney General for defendants George F. Kugler and New Jersey Cemetery Board.
Mr. Francis C. Foley, attorney for Clover Leaf Cemetery.
Messrs. Herbert F. Moore and Michael F. Spicer, attorneys for Amicus Curiae New Jersey Cemetery Association.
FURMAN, J.S.C.
The constitutionality of the New Jersey Cemetery Act approved December 1, 1971, N.J.S.A. 8A:1-1 et seq., is at issue in this declaratory judgment action. Plaintiff Frank is the former owner and now general manager of plaintiff Woodbridge Monument Works and, individually, an interment plot owner in defendant Clover Leaf Cemetery. He was plaintiff in Frank v. Clover Leaf Park Cem. Ass'n, 29 N.J. 193 (1959).
His attack upon the New Jersey Cemetery Act is multifold. In his prior litigation he contended successfully that a tax exempt cemetery association enjoyed an unfair competitive advantage over his private business in selling and installing memorial markers. He has renewed that contention in the context of the act of 1971. He has also asserted broadly discrimination against and deprivation of vested property rights of interment plot owners whose ownership antedates the statute.
The New Jersey Cemetery Act encompasses all nonreligious cemetery corporations and associations, whether formed under it or, prior to its effective date, under N.J.S.A. Titles 8, 14 or 15 or by special act of the Legislature. According to N.J.S.A. 8A:3-13(2), all pre-existing cemetery corporations *592 and associations must apply for a certificate of authority within 90 days after the effective date of the act. Their charter rights and obligations are preserved subject to chapter 5, which governs operation and management of cemetery companies, and subject to other specific provisions, including the obligation to establish and maintain in trust a maintenance and preservation fund pursuant to chapter 4.
Plaintiffs initially contend that pre-existing cemetery corporations are specially favored in this legislative scheme because a right to make profits is assured them. A corollary contention is that under N.J.S.A. 8A:9-7 a sales management company may be organized as a profit-making corporation to sell off interment lots under contract with a cemetery company. These contentions are untenable. A cornerstone of judicially declared law in this State is that cemetery companies are charitable trusts and are barred from profit making, either by themselves or through sales agents or other affiliates. That law subsists notwithstanding the act of 1971, which is not inconsistent. Terwilliger v. Graceland Memorial Park Ass'n, 35 N.J. 259, 265 (1961); Frank v. Clover Leaf Park Cem. Ass'n, 29 N.J. 193 (1959); Zucchi v. Lakeview Memorial Park Ass'n, 111 N.J. Super. 569 (App. Div. 1970); Fidelity Union Trust Co. v. Union Cemetery Ass'n, 136 N.J. Eq. 15 (Ch. 1944), affirmed 137 N.J. Eq. 455 (E. & A. 1946); George Washington Memorial Park Cemetery Ass'n v. Memorial Development Co., 139 N.J. Eq. 280 (Ch. 1947); Parker v. Fidelity Union Trust Co., 2 N.J. Super. 362, 387 (Ch. Div. 1944); Burke v. Gunther, 128 N.J. Eq. 565 (Ch. 1941).
Plaintiffs urge unfair competition to their own and other private businesses in the provisions of N.J.S.A. 8A:5-2 which authorize cemetery companies to engage in the sale of adornment, embellishment, sod and planting and to reserve the exclusive right to manufacture and install foundations. In conformity with Frank, the manufacture or sale of monuments, markers or bronze memorials is prohibited to cemetery companies. N.J.S.A. 8A:5-2(g).
*593 All the activities under challenge are consonant with the trust purposes of establishing and preserving the beauty and dignity of the cemetery. No profits may be made from them. Reservation of the exclusive authority to install markers was approved in Frank. As noted therein (29 N.J. at 207), "* * * the tablet is prone to sinking or shifting if not based properly." The manufacture and installation of foundations, that is, subsurface supports not part of monuments or memorials, are recognized as integral to the maintenance of a cemetery. The exclusive authority to manufacture and install them is a safeguard against faulty materials and workmanship.
In his individual standing as an interment plot owner plaintiff Frank raises arguments of discrimination, misconstruing both the New Jersey Cemetery Act and prior law. Perpetual care trust funds were sought consistently by the Attorney General in cemetery litigation prior to the new enactment. The establishment of such funds frequently hinged upon contract or court judgment. The act of 1971 in N.J.S.A. 8A:4-5 standardizes minimum contributions to the maintenance and preservation fund upon sales, resales and interments, subject to reduction to the extent of contributions required by prior contracts or court judgments. In pre-existing cemeteries annual care and maintenance charges pursuant to contract may be continued or reasonable annual charges may be assessed in the absence of contract. N.J.S.A. 8A:4-6. All cemeteries are authorized to fix reasonable charges for perpetual, annual and special care of interment plots. N.J.S.A. 8A:5-1(b).
The interment plot owner who contributed a higher percentage of his sale price to a perpetual care fund than that required by N.J.S.A. 8A:4-5 is not discriminated against or deprived of any property right. The cemetery company's contract and trust obligations to him remain enforceable. If additional contributions are reasonably required for the maintenance and preservation fund in view of rising costs or otherwise, he is not insulated against them and was not *594 prior to the new enactment. Abra-May Cem. Sales Co. v. Degel Yehudo Cem. Corp., 92 N.J. Super. 365, 370 (Ch. Div., 1966).
Nor is the commingling of prior contributions held in trust into the maintenance and preservation fund, which must be set up under chapter 4, a violation of trust law, in view of the identity of trust purpose of both funds.
Plaintiffs suggest a discrimination in favor of private mausoleum owners who are required before their construction to contribute a minimum of $1 a cubic foot by exterior measurement to the maintenance and preservation fund. N.J.S.A. 8A:4-10. But the plain reading of the act is that this contribution is in addition to, not in lieu of, the other mandatory minimum contributions.
The final attack on the New Jersey Cemetery Act is that by granting tax exemption to cemetery companies it is special legislation relating to taxation, within the constitutional interdiction of N.J. Const. (1947), Art. VIII, § I, par. 2. Patently it is general, not special, legislation affecting all nonreligious cemetery companies and preserving a tax exemption first enacted as general law in L. 1851, p. 257, § 10. Alfred Vail Mut. Assoc. v. New Shrewsbury, 58 N.J. 40, 49 (1971); General Electric Co. v. Passaic, 28 N.J. 499, 505, 506 (1958).
Judgment for defendants.